IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                    ORDER

         v.                           10-CR-9-WMC-01

ROMAINE A. QUINN,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Romaine A. Quinn's supervised release was held on February 26, 2013, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Timothy M. O'Shea. Defendant was present in person and by counsel, Gregory N. Dutch. Also present was Senior U. S. Probation Officer Michael P. Bell.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin, on July 16, 2010, following his conviction for interstate transportation of stolen property in violation of 18 U.S.C. § 2314, a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 14 months, with a 36-month term of supervised release to follow. He was also ordered to pay restitution in the amount of $31,500. Defendant began his term of supervised release on July 12, 2011. Defendant violated Standard Condition No. 6, requiring him to notify the probation officer at least ten

days prior to any change in residence or employment on April 18, 2012, as evidenced by his failure to appear for his change of plea hearing in Barron County Circuit Court, and by his eventual arrest in Overgaard, Arizona, on January 11, 2013, after avoiding capture in Canada.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release, or modify the conditions of supervised release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation.   Accordingly, the three-year term of supervised release imposed on defendant on July 16, 2010, will be revoked.

Defendant's criminal history category is II.  With a Grade C violation and a criminal history category of II, defendant has an advisory guideline term of imprisonment of 4 to 10 months.  The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant is sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, the Court has selected a sentence above the guideline range.  The purpose of this sentence is to hold defendant accountable for his truly outrageous behavior and provide a

specific deterrent.

ORDER

IT IS ORDERED that the period of probation imposed on defendant on July 16, 2010, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months with no supervision to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 26th day of February 2013.

BY THE COURT:

William M. Conley
U.S. District Judge